IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                             No. CR 98-251 MV

SHIRLEY JONES, STEVEN L. JONES,
MEGA-UNIVERSAL OXYGEN AND
HOME CARE SERVICES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss or in the Alternative for Change of Venue, filed June 5, 2000 [Doc. No. 221] and Defendants' Motion to Sever Certain Counts from Third Superseding Indictment, filed June 5, 2000 [Doc. No. 218]. The Court, having considered the motions, responses, replies, relevant law, and being otherwise fully informed finds that the motion to change venue is not well taken and will be denied and that the motion to sever is well taken in part and will be denied in part and granted in part.

**I. Motion for Change of Venue**

      Defendants argue that comments by the then-United States Attorney and the publicity the case has received are presumptively prejudicial requiring dismissal of the indictment or change of venue. Defendants assert that this case has received and continues to receive an unusual amount of publicity. In support of this contention, however, Defendants only point to five articles in the *Albuquerque Journal* which are in any way related to the case, though two address the sale of the

Jones' house.  Defendants also point to certain statements made by then-United States Attorney Kelly.

Under Federal Rule of Criminal Procedure 21(a), the court shall transfer venue if there exists, "so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district."  Further, defendants have a constitutional right to "a fair trial by a panel of impartial, indifferent jurors." *See United States v. Abello-Silva*, 948 F.2d 1168, 1176 (10th Cir. 1991) (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966)) (internal quotation marks omitted).  Pre-trial publicity can violate defendants due process rights in two ways:  "(1) where prejudice is presumed because the publicity was sufficiently prejudicial and inflammatory and it saturated the community where the trial was held; or (2) where the defendant establishes actual prejudice resulting from the publicity."  *United States v. Walker*, 890 F.Supp. 954, 959 (D.Kan. 1995) (citations and internal quotation marks omitted).  Pre-trial publicity infringes upon a defendant's rights only if it "dictates the community's opinion as to guilt or innocence."  *Abello-Silva*, 948 F.2d 1168 at 1176 (citing *Estes v. Texas*, 381 U.S. 532, 536 (1965)).  The defendant has the burden of proving presumed prejudice.  *United States v. McVeigh*, 153 F.3d 1166, 1181 (10th Cir. 1998) (citing *Stafford v. Saffle*, 34 F.3d 1557, 1566 (10th Cir. 1994)).  The Tenth Circuit has articulated this burden as follows:

> In order for the reviewing court to reach a presumption that inflammatory pretrial publicity so permeated the community as to render impossible the seating of an impartial jury, the court must find that the publicity in essence displaced the judicial process thereby denying the defendant his constitutional right to a fair trial.

*Id.* (citing cases).

In this case, Defendants assert that Kelly's statements and the pre-trial publicity are presumptively prejudicial, requiring dismissal or a change of venue.  Defendants point to five articles published in the *Albuquerque Journal* over a period of more than two years which address the charges against Defendants.  Two of those articles deal primarily with the sale of Defendants' home, though they do refer to the pending charges.  Defendants highlight that one of the articles includes statements by Kelly which Defendants characterize as inflammatory and prejudicial.  Those statements were that  MEGA was "more a criminal enterprise than a legitimate business" and that "because of the amount of the alleged fraud, the potential prison term is more than ten years."

The Court finds that these five articles, one of which includes the quotes by Kelly, are insufficient to satisfy the Defendants' burden of showing presumed prejudice.  A comparison of this case with others in which the Tenth Circuit has found no presumed prejudice mandates this conclusion.  In *Abello-Silva*, there were 31 articles related to the charges over a six month period which the court found insufficient to show presumed prejudice.  *Abello-Silva*, 948 F.2d at 1177.  Though the defendant argued that there was prosecutorial misconduct in circulating pretrial information, the court found nothing in the record supporting this contention.  *Id.*

*United States v. McVeigh*, 153 F.3d 1166, is of course a more extreme case, but the court nonetheless held that there was no presumption of prejudice.  The district court granted the defendant's motion for transfer of venue due to the ubiquitous publicity surrounding the case in which the defendant was charged with bombing a federal building in Oklahoma City, Oklahoma.  After his conviction, the defendant argued that his constitutional right to trial by an impartial jury had been denied because of the overwhelming amount of negative pretrial publicity.  The Tenth

Circuit held that the defendant had not established a presumption of prejudice despite the pervasive pretrial publicity which included television images of the defendant in prison garb being led through an angry crowd and publication of reports that the defendant confessed to his attorneys having committed the bombings. *McVeigh*, 153 F.3d at 1182.

The pretrial publicity in this case comes nowhere close to that found insufficient to establish presumptive prejudice in *Abello-Silva* and *McVeigh*. Five articles in the *Albuquerque Journal* over more than two years, the last of which was published more than six months ago does not begin to meet the high standard needed to establish presumptive prejudice. Defendants are far from showing either that the publicity about this case is pervasive or inflammatory as required, *McVeigh*, 153 F.3d at 1181, and though they have requested an evidentiary hearing, they have given no indication of what additional information they would produce. Accordingly, the Court will deny the Defendants' motion to dismiss or transfer venue based on presumed prejudice.

**II. Motion to Sever**

Defendants move the Court to sever the tax fraud counts, the money laundering counts and the RICO count from the remaining counts in the third superseding indictment, asserting that the joinder of these counts is prejudicial. A district court may, "order the separate trials of counts which are properly joined if it appears the defendant is prejudiced by their joinder." *United States v. Furman*, 31 F.3d 1034, 1036-37 (10th Cir. 1994) (citing *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir.1993)); *see also* Fed.R.Crim.P. 14 ("If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."). "In

deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992) (citing *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989)

Defendants aver that severance of the tax fraud counts is proper because the over deducting and underreporting charged in the tax fraud counts may have been the result of bad advise given to the Joneses by their accountant, and they wish to testify on their behalf on the tax fraud counts, but wish to assert their right not to testify regarding the other counts. To justify severance of certain counts because a defendant wishes to testify on some but not all of the counts, the defendant must

> make[] a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony that he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying.

*United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994) (quoting *United States v. Valentine*, 706 F.2d 282, 291 (10th Cir. 1983)). Defendants state that they have prepared an offer of proof setting forth with particularity the bases of their defenses justifying severance and seek leave of the Court to submit this proof. The Court will allow the offer of proof which must be submitted within ten calendar days of the date of this order. The Court will consider the proof and determine whether an evidentiary hearing is needed on this issue.

Next, Defendants urge the Court to sever the money laundering counts, arguing first that because the money laundering counts are only at issue if the Defendants did commit health care fraud or wire fraud, it would be a waste of judicial resources to consider the money laundering counts until the jury decides whether the Defendants committed the underlying offenses. While Defendants are correct that the money laundering counts can only be considered if the predicate acts have been proven, this is not a basis for severing the counts because it does not establish that Defendants would be prejudiced if the court did not sever the money laundering counts. Defendants' second argument regarding these counts is also without merit. Defendants assert that the money laundering was allegedly committed through transactions with certain billing entities, that these billing entities processed all of Mega's billing – both tainted and not tainted, that this will create confusion about tainted versus untainted funds, and that therefore there is a high likelihood that the guilt of one offense would lead to conviction on another. Defendants argument relies on several logical leaps which are unsupported and do not stand to reason. Therefore, the Court denies Defendants' motion to sever the money laundering counts.

Last, Defendants move the Court to sever the RICO count arguing that though other courts have held that charging substantive offenses and then restating them as predicate RICO acts is not necessarily multiplicitous such that severance is required, "[i]n this case, it would be a reasonable exercise of discretion to sever the RICO count, for the purpose of avoiding unfair prejudice to [Defendants]." *Motion to Sever Certain Counts from Third Superseding Indictment*, at 6. This is does not come close to an adequate showing justifying severance. Defendants appropriately cite the case law against their position, but then fail to distinguish this case or offer any reasonable argument as to how trying the RICO count together with the other counts would

6

prejudice Defendants or how such prejudice would outweigh the obvious repetition and waste in trying the RICO count in a trial separate from the predicate acts.  Therefore, the Court denies the motion to sever the RICO count.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or in the Alternative for Change of Venue **[Doc. No. 221]** is hereby **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Sever Certain Counts from Third Superseding Indictment [Doc. No. 218] is hereby **granted in part and denied in part**. Defendants may submit their offer of proof supporting severance of the tax fraud counts.  The Court will consider that offer and decide whether an evidentiary hearing is needed.  That portion of Defendants' motion seeking severance of the money laundering counts and RICO count is **denied**.

**DATED** this 28th day of July, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Defendant Steven Jones
David Plotsky

Attorneys for Defendant Shirley Jones
Floyd Lopez
Marc Robert

Attorney for Defendant Mega
Richard Minzner

Attorneys for Plaintiff
Mary Higgins
Edwin Winstead
Robert Baca